# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:08-cr-151

                                      District Judge Walter H. Rice
  -  vs  -                          Magistrate Judge Michael R. Merz

ROBBIE LEE TURNER,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2255 to vacate a twenty-four month sentence imposed on Defendant for a violation of supervised release. The Motion to Vacate (ECF No. 55) is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

As with all actions in the nature of habeas corpus filed at the Dayton location of court, the Motion to Vacate has been referred to the undersigned for a report and recommendations.

Mr. Turner asserts his trial attorney, Assistant Federal Public Defender Thomas Anderson, provided ineffective assistance of trial counsel when "Counsel did not locate and provide to the Court a letter previously written to me by the Judge that stated any time I received for my federal supervised release violation would be concurrent to my state sentence." (Motion, ECF No. 55, PageID 158.)

The record reflects that Turner was convicted in this Court pursuant to a written Plea Agreement (ECF No. 15) on one count of possession with intent to distribute in excess of five grams of cocaine base which carried a penalty of five to forty years. Having reviewed a Presentence Investigation Report, Judge Rice sentenced Turner to the mandatory minimum of sixty months imprisonment followed by sixty months of supervised release (Judgment, ECF No. 23).

Mr. Turner's supervised release commenced on May 24, 2013. On February 8, 2014, Mr. Turner was arrested for having physical control of a motor vehicle while under the influence of alcohol and admitted to his probation officer that he had been using marijuana and cocaine on the night of that offense. Although this was a violation of the terms of supervised release, the probation officer recommended that he be continued on release and Judge Rice concurred (ECF No. 29).

On June 16, 2014, Probation Officer Stidham reported that Mr. Turner had tested positive for marijuana on four occasions and for cocaine once. Again Probation recommended that Turner not be revoked under an exception to revocation under 18 U.S.C. § 3583(d) and Judge Rice concurred (ECF No. 30).

About six months later, on January 16, 2015, Turner was arrested for trafficking in drugs after heroin, cocaine, and $7,700 were recovered from a vehicle in which he was riding; a subsequent search of his residence resulted in the seizure of 81 grams of heroin, 133 grams of cocaine, and a large amount of cash (ECF No. 31). On this report, Judge Rice issued a warrant for Turner's arrest. *Id.* This arrest led to Turner's indictment in the Common Pleas Court and his eventual agreement to plead guilty in that court in return for an agreed sentence of seven years. That agreement had been reached, but sentence had not yet been imposed at the time of the supervised release hearing in this Court on March 14, 2017, where Turner admitted the violation (Minute Entry, ECF No. 38).

The Supervised Release violation came on for disposition on April 25, 2017; those proceedings have been transcribed (ECF No. 51). The Probation Officer recommended revocation and imposition of thirty-six months imprisonment. Turner's counsel requested that any new time be made to run concurrently with the state sentence, but did not mention any promise of Judge Rice to that effect. *Id.* at PageID 135. Assistant United States Attorney Clemmens mentioned a number of factors that weighed in favor of consecutive sentencing. *Id.* at PageID 137-38. Turner spoke but said nothing about any promise of concurrent time. *Id.* at PageID 138-41.

In the course of those proceedings, Judge Rice mentioned that the Sentencing Guidelines recommend a consecutive sentence under these circumstances. *Id.* at PageID 142. He noted that while he was authorized to consider a concurrent sentence, he almost always imposed consecutive time and intended to do so in this case. *Id.* The Judge then imposed a twenty-four month sentence to be served consecutively. *Id.* at PageID 145-46. He indicated he had imposed

3

a sentence below that recommended by the Policy Statements associated with the Guidelines. *Id.* at PageID 147.

At no time during the revocation proceedings, either initial or final, did Mr. Turner ever mention that he had been promised concurrent time by Judge Rice. He made no objection or even comment to the fact that the time had been made to run consecutively.

A copy of the letter in question is attached to the Motion to Vacate (ECF No. 55, PageID 168). It does not in any way promise that Turner's supervised release revocation time will be served concurrent with his state court sentence. In his July 22, 2016, letter, Judge Rice declines to remove the federal detainer on Turner. He does say that "any time you are serving is [sic] the result of the federal court detainer will be time for which you will be given credit, in the event that your Supervised Release with my Court is revoked." *Id.* That promise was kept. In his Decision and Entry revoking supervised release, Judge Rice ordered "that Defendant be given credit for all allowable pre-sentence jail time served, . . ." (ECF No. 43, PageID 106).

It cannot have been ineffective assistance of trial counsel for Mr. Anderson to fail to find and present this letter to the Court when Turner suffered no prejudice from any such failure because he got precisely what the Judge promised him.

**Conclusion**

It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that Mr. Turner is not entitled to relief in this matter. It is therefore respectfully recommended that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability

and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 18, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).