# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                    Plaintiff,        :        Case No. 3:08-cr-151

                                     District Judge Walter H. Rice

-  vs  -                            Magistrate Judge Michael R. Merz

ROBBIE LEE TURNER,

                    Defendant.      :

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This § 2255 action is before the Court on Defendant's Objections (ECF No. 57) to the Magistrate Judge's Report and Recommendations (ECF No. 56) recommending the Motion be dismissed. Judge Rice has recommitted the matter under Fed. R. Civ. P. 72(b) for reconsideration in light of the Objections (Recommittal Order, ECF No. 58).

In his Motion Mr. Turner claimed Judge Rice had promised him that he would get credit against any prison time imposed by this Court for his supervised release violation for any time he spent in federal custody prior to adjudication of the supervised release violation. The existence of that promise is proved by Judge Rice's July 22, 2016, letter to Mr. Turner, a copy of which is attached to the Motion at ECF No. 55, PageID 168.

Examination of the docket shows that Judge Rice's Arrest Warrant for the supervised release violation was issued on January 27, 2015, but not executed by the Marshal and lodged as

1

a detainer until March 14, 2017 (ECF No. 48, PageID 113). However, the only times when Truner has come into federal custody have been when Judge Rice issued writs of habeas corpus ad prosequendum to obtain his presence in this Court for a preliminary revocation hearing on March 14, 2017, and for the final revocation hearing on April 25, 2017. That means he is entitled to two days credit against his revocation sentence. This Court, of course, has no control over when the Common Pleas Judge will impose sentence in the state case, but whenever that occurs and after Turner has served whatever sentence Judge Dankof imposes, Turner will come into federal custody to begin serving the twenty-four month sentence Judge Rice imposed. At that time Turner must apply to the federal Bureau of Prisons for his jail time credit.

Turner's Objections make it clear that he has no good claim of ineffective assistance of trial counsel against Assistant Federal Defender Anderson. Turner has not served any additional time nor will he because of anything Mr. Anderson did or did not do. Judge Rice's 2016 letter makes a commitment which will be carried out whenever Turner begins to serve his federal sentence.

A Motion to Vacate under 28 U.S.C. § 2255 is not an all-purpose vehicle for raising complaints about a person's federal sentence. A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); 563 F.3d 240, 250 (6th Cir. 2009). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28

U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*).

Mr. Turner's claim that he has not yet received credit for time in custody prior to sentencing on his supervised release violation is not properly a constitutional claim for ineffective assistance of trial counsel because nothing Mr. Anderson did or did not do has had any impact on that claim. Therefore, it is respectfully recommended that the § 2255 Motion be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 9, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).