IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff,

v. : Case Nos. 3:08-cr-151, 3:17-cv-423

ROBBIE LEE TURNER, JUDGE WALTER H. RICE

    Defendant. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #56) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #59); SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS THERETO (DOCS. ##57, 60); DISMISSING WITHOUT PREJUDICE MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DOC. #55); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT; CASE TO REMAIN TERMINATED

---

On January 16, 2015, Robbie Lee Turner was arrested, and later charged in the Montgomery County Court of Common Pleas with two counts of possession of heroin. He entered guilty pleas on both counts. The commission of these new crimes also violated the terms and conditions of his supervised release in the above-captioned federal criminal case. Accordingly, on January 27, 2015, a federal warrant was issued and lodged as a detainer at the Montgomery County Jail. Turner maintains that he was eligible for bond on the state court charges. Nevertheless, because the federal warrant prevented his release, he remained in

state custody awaiting sentencing on the new drug charges. Pursuant to the plea agreement in the state case, it was anticipated that he would eventually be given an agreed-upon sentence of seven years in prison.

Early in 2017, although Turner had not yet been sentenced on the state charges, he asked to move ahead with the supervised release revocation proceedings. He admitted the alleged supervised release violations and, on April 25, 2017, the Court sentenced him to 24 months in prison to be served consecutively to his yet-to-be-imposed state court sentence.

On December 15, 2017, Turner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, based on alleged ineffective assistance of counsel. Doc. #55. He maintains that, in a letter dated July 22, 2016, the Court had promised that any sentence imposed on the supervised release violation would run concurrent to the state sentence, and that his attorney was ineffective in failing to raise this issue at the revocation hearing.

Magistrate Judge Merz issued a Report and Recommendations, Doc. #56, recommending that the Court dismiss the Motion to Vacate. He noted that the letter in question does not promise a concurrent sentence. Instead, it simply states that "any time you are serving [a]s the result of the federal court detainer will be time for which you will be given credit, in the event that your Supervised Release with my Court is revoked." Doc. #55, PageID#168. Magistrate Judge Merz further noted that the Court kept that promise; the Decision and Entry states that "the Court recommends that Defendant be given credit for all allowable pre-

2

sentence jail time served." Doc. #43, PageID#106. He concluded that counsel's failure to raise this issue could not constitute ineffective assistance of counsel, given that Turner got exactly what was promised and suffered no prejudice.

Turner filed Objections to the Report and Recommendations, Doc. #57, again citing his attorney's failure to raise the issue of the alleged promise of a concurrent sentence at the revocation hearing. He further argues that his sentence should be vacated because he deserves credit for the three years that he has been held in the Montgomery County Jail awaiting sentencing; but for the federal detainer that was lodged against him, he could have been free on bond.

On January 9, 2018, Magistrate Judge Merz issued a Supplemental Report and Recommendations, Doc. #59. He found that Turner remained in state custody and will stay there until he has fully served his yet-to-be-imposed state sentence. At that time, Turner will be transferred to federal custody and his jail time credit will be calculated by the Bureau of Prisons. Magistrate Judge Merz noted that Turner should be given credit for the two days that he was in federal custody for his supervised release revocation hearings.

Magistrate Judge Merz again concluded that Turner's ineffective assistance of counsel claim lacked merit, given that Turner was not at all prejudiced by anything his attorney did or did not do. He also explained why Turner's complaints about not receiving proper credit for time spent in the county jail were not cognizable in the context of a § 2255 motion.

3

Turner then filed Objections to the Supplemental Report and Recommendations, Doc. #60. This judicial filing states that the arrest warrant was issued on January 27, 2015, but "not executed by the Marshal and lodged as a detainer until March 17, 2017." Doc. #59, PageID##178-79. Turner properly notes that, if the warrant was not lodged as a detainer until March 17, 2017, he should have been able to post bond in state court, and there would have been no need for the undersigned to "lift" the detainer on March 3, 2017, so that Turner could visit his critically ill grandmother.

The Court SUSTAINS this portion of Turner's Objections. The arrest warrant was, in fact, lodged as a detainer on January 27, 2015, the date that it was issued. However, it was not executed by the Marshal until March 14, 2017, when Turner was taken into federal custody for his preliminary supervised release revocation hearing.

Turner's Objections to the Report and Recommendations, Doc. #57, and the remainder of his Objections to the Supplemental Report and Recommendations, Doc. #60, are OVERRULED. Based on the reasoning and citations of authority set forth by Magistrate Judge Michael R. Merz in his Report and Recommendations, Doc. #56, and his Supplemental Report and Recommendations, Doc. #59, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings with the one exception noted above.

There is simply no evidence that the undersigned ever promised Turner, in a letter or otherwise, that any sentence imposed for his supervised release violation

4

would run concurrent to his yet-to-be-imposed state sentence. Accordingly, his attorney's alleged failure to raise the issue of such a promise at the revocation hearing cannot constitute ineffective assistance of counsel.

The Court turns now to Turner's claim that he should be given federal credit for all time spent in state custody awaiting sentencing because, but for the federal detainer that was lodged against him for the supervised release violation, he would have been free on bail during this time. The undersigned did, in fact, promise that Turner would be given credit for time that he was serving as a result of the federal detainer. Of course, at the time that promise was made, in July of 2016, the Court had no idea that Turner would remain in the Montgomery County Jail for almost two more years before being sentenced on the state charges. When imposing sentence for the supervised release violation on April 26, 2017, the undersigned specifically ordered that Turner "be given credit for all allowable pre-sentence jail time served." Doc. #43, PageID#106.

Subsequent developments may very well have mooted Turner's argument that he should be given credit on his federal sentence for time served in the Montgomery County Jail awaiting sentencing on the state court charges. On February 14, 2018, Turner was sentenced in the Montgomery County Court of Common Pleas on the two counts of possession of heroin. He was sentenced to seven years on each count, to run concurrently with each other and concurrently with his 24-month federal sentence in the above-captioned case. The state court's termination entry further states that "Defendant is to receive credit for ONE

THOUSAND ONE HUNDRED TWENTY FIVE (1,125) days spent in confinement as of the date of sentencing stated above."

As a general rule, if the state court has already given Turner credit for the time spent in state custody prior to his state sentencing date, that time cannot also be credited against his federal sentence. In other words, it cannot be double counted. *See* 18 U.S.C. § 3585(b); *Elwell v. Fisher*, 716 F.3d 477, 485 (8th Cir. 2013). Nevertheless, as Magistrate Judge Merz explained, it is solely the province of the federal Bureau of Prisons ("BOP") to calculate how much jail time credit Turner should receive toward his 24-month sentence. Doc. #59, PageID#179. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). This calculation will not take place until Turner has completely served his state court sentence and is returned to federal custody. *See* 28 U.S.C. § 3585(a). If Turner disagrees with the BOP's calculations, he may seek judicial review under 28 U.S.C. § 2241, after first exhausting his administrative remedies with the BOP. However, any challenge to a calculation of jail time credit is premature at this juncture.[1]

---

[1] Obviously, the state court's sentence, imposed on February 14, 2018, ordering that the seven-year sentence run *concurrent* with the federal court's 24-month sentence, is blatantly inconsistent with the federal court's sentence, imposed on April 25, 2017, ordering that the federal sentence run *consecutive* to the yet-to-be imposed state court sentence. It is the Court's belief that this inconsistency must be resolved by the BOP after Turner is released to federal custody on this Court's detainer. *See Setser v. United States*, 566 U.S. 231 (2012) (holding that a federal court has discretion to order that a federal sentence run either consecutively to, or concurrently with, a yet-to-be-imposed state sentence, and that if the subsequently-imposed state sentence creates an inconsistency—as is the case here—it is up to the BOP to determine the proper length of federal confinement).

Moreover, as Magistrate Judge Merz explained in the Supplemental Report and Recommendations, a prisoner seeking relief under § 2255 must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496 (6th Cir. 2003). Turner's claim that he has not received appropriate credit for time spent in state custody does not fall within any of these categories.[2]

For the reasons set forth above, the Court DISMISSES WITHOUT PREJUDICE the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. #55. After Turner is returned to federal custody, and the BOP has calculated his jail time credit, he may challenge that calculation through appropriate channels.

Given that Defendant has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Defendant is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Plaintiff and against Defendant.

---

[2] In his Objections to the Supplemental Report and Recommendations, Turner suggests that, under the unique circumstances presented here, his 24-month sentence should be deemed to be "imposed outside the statutory limits." However, he offers no authority to support such a finding.

The captioned criminal case, 3:08-cr-151, shall remain terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton. The Clerk shall also terminate Case No. 3:17-cv-423, which was opened for statistical purposes only.

Date: March 9, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE